BEFORE THE FIRST DIVISION, DECEMBER 14, 1945

**No. 50767.**—Protest 88698–K of Whitney Bros. (San Francisco).

OLIVER, Presiding Judge: This case presents the question of the dutiability of a Chinese junk which arrived in the United States as cargo on the deck of a steamer and was assessed with duty by the collector of customs at the rate of 33⅓ percent ad valorem under the provision in paragraph 412, Tariff Act of 1930, for "manufactures of wood * * * or of which wood * * * is the component material of chief value, not specially provided for." Plaintiff claims the junk is a "vessel" under the definition thereof found in section 3, Revised Statutes (1 U. S. C. § 3), and therefore was not subject to duty under the laws applicable to imported articles. An alternative claim that it was dutiable under paragraph 370 was abandoned.

The junk was brought to the United States, complete with interior decoration, furniture, bedding, clothing, and lifelike figures, for the purpose of being placed on exhibition in a pond, but such purpose was not carried out. Instead, the junk and accessories were placed in a storage room which was built immediately next to the pond, and there, apparently, it reposed at the time of trial. It appears that the hull was some 40 feet long, exclusive of a carved dragon's head and tail, which would add some 25 feet to the length, about 10 or 12 feet in breadth, and 5 feet in depth. It was made of wood, and contained cabins in which the furniture, etc., was to be placed. It had no mast, and no means of propulsion save a few oars and long poles.

Section 3, Revised Statutes, cited by the plaintiff, is a definition of the term "vessel" and reads as follows:

The word "vessel" includes every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water.

In support of its contention under the above section, plaintiff called as its sole witness Andrew Edgar, an auditor and accountant in its employ. The witness testified that he had engaged in yachting for 9 years constantly in Central Africa, had sailed small sailboats and fishing boats, and at one time operated a small steamship on the Congo River in Africa. He gave it as his opinion that the junk in question could be used as a means of transportation on water. On cross-examination, however, he testified as follows:

X Q. You do not pretend to know, by looking at a junk or a boat of any type that happens to be in storage, whether that boat or junk is seaworthy, do you?— A. No.

X Q. So that when you said that you believed, in your opinion, that this junk was capable of being used as a means of transportation in water you were merely speculating, were you not?—A. No, I was not because the junk had been floating on the Yangtze River for many years.

X Q. I am speaking now about the one in this case; not about something you saw in the Yangtze River.—A. I am not saying that I saw it; this boat came from the Yangtze River.

X Q. Did you see it in the Yangtze River?—A. No, I did not.

X Q. So, therefore, you are only speculating when you say that it could be used in transportation—A. I am relying on the good faith of the customer from whom we bought it.

X Q. You are relying upon what someone else told you?—A. Yes. (R. p. 11.)

No further testimony was introduced and both sides submitted.

In *Hitner* v. *United States*, 13 Ct. Cust. Appls. 216, T. D. 41175, Presiding Judge Graham, after reviewing the authorities, stated (p. 221):

* * * The fact that the structure has the shape of a vessel, or has been once used as one, or could by proper appliances be again used as such, can not affect the question. The test is the actual status of the structure as being fairly engaged in or suitable for, commerce or navigation and as a means of transportation on water.

See also *Thayer* v. *United States*, 2 Ct. Cust. Appls. 526, T. D. 32252.

On this record plaintiff has failed to establish by competent evidence that the junk in issue is a "vessel" used or capable of being used as a means of transportation on water within the meaning of section 3, Revised Statutes. The presumption attending the classification of the collector not having been rebutted, judgment will therefore issue overruling the protest claim.